UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KICK INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01733 SRC |
| | ) | |
| JUSTIN BROWN, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim [9]. The Court grants the Motion.

**I.     BACKGROUND**

On June 6, 2019, Plaintiff Kick International, Inc., d/b/a United States Mixed Martial Arts Federation,[1] filed a complaint in this Court alleging Defendants Justin Brown, Ralph Cook, Orlando Jimenez, Dominick Cruz, Fotini Kandris, Jeffrey Roufus, Dr. Ari Kramer, and Giorgio Boscolo misappropriated trade names and symbols and made misrepresentations to third parties. Kick asserts four counts against Defendants: (1) "tortious interference with business expectations," (2) misappropriation of Kick's logo and mark, (3) common law fraud, and (4) misappropriation of trade secrets in violation of the Defendant Trade Secrets Act, 18 U.S.C. § 1832 *et seq*. In their Motion to Dismiss, Defendants argue the case must be dismissed for lack of personal jurisdiction.

---

[1] Throughout its Complaint and briefs, Plaintiff refers to itself as UMMAF and Defendants as the United States Federation of Mixed Martial Arts or USFMMA. To avoid confusion throughout this order, the Court refers to Plaintiff as "Kick" and Defendants as "Defendants" when referring to the collection of individuals, and the "Federation" when referring to the entity USFMMA. The Federation is not named as a separate defendant.

1

Kick and Defendants compete with each other in the field of promoting mixed martial arts events. After resigning from Kick, Defendants Brown and Cook formed the Federation. This dispute arises out of the conduct of Defendants in connection with the formation and operation of the Federation.

For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Kick's amended complaint. *See Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).[2] Before June 2018, the Missouri State Athletic Commission licensed sanctioning organizations, such as Kick, to regulate amateur mixed martial arts ("MMA") in Missouri. Sanctioning organizations submitted "results and medical suspensions" to the State. In June 2018, the State passed legislation to regulate the sport itself and revoked all licenses to directly sanction events. The Missouri State Athletic Commission is the official master sanctioning body in Missouri although Kick's promotors "enter information into critical databases related to head injuries and are subject to additional [Kick] regulations." Kick maintains its home offices in Missouri and the State is home to Kick executives including President Frank Babcock, Board member Robert Hulett, and former member David Evans.

In February 2019, Defendants Brown and Cook resigned from Kick. A new organization, the Federation, was publicly-announced and Brown and Cook were announced as founding directors of the Federation. Defendant Kandris joined the Board of Directors. The Federation has made repeated attempts to do business in Missouri and to coerce Hulett into resigning from

---

[2] Kick filed two complaints in this case. The Court analyzes the most recent complaint, Doc. 2, for the purposes of this Motion. The Court does not include in this summary all of the facts alleged in Kick's complaint. It only includes those facts relevant to the personal jurisdiction inquiry. The Court uses the same organization, language, and sentence structure as Kick used in its Complaint for clarity and to avoid distorting Kick's allegations. When quoting from the Complaint, the Court uses quotation marks.

2

Kick and joining the Federation, and it successfully coerced Evans into leaving Kick and joining the Federation. Defendants have called promoters and informed them Kick changed their name to the Federation and "they were taking over event sanctioning," "misled third parties regarding insurance previously purchased through [Kick]," "misled athletes into joining [the Federation] with the lure of a [Federation] competition team falsely said to be entering [International Mixed Martial Arts Federation] events," and "attempted to harm the reputation of Kick by intentionally violating regulatory rules while ostensibly acting on behalf of USSMAF[3] in various states just before leaving."

Defendants, individually or through agents, have recruited athletes, attempted to recruit athletes, and otherwise competed with Kick while using a deceptively similar logo. Athletes who have participated in fights sanctioned by Defendants have not had a record of the fight created, "have participated after head injuries," and have "been uninsured for fights when event coordinators believed they were insured." Defendants have falsely represented they are the official sanctioning body for the development of amateur MMA in the United States to get promoters to switch to them.

## II. STANDARD

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011)). The Court views the evidence in a light most favorable to the plaintiffs and resolves factual conflicts in the plaintiffs' favor; however, plaintiffs carry the burden of proof and that

---

[3] The Complaint refers to "USSMAF" here. The Complaint does not define this term.

burden does not shift to defendants. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (internal quotations and citation omitted).

**III.    DISCUSSION**

Defendants assert the Court does not have personal jurisdiction in Missouri over them because no defendant is domiciled in Missouri and no defendant has sufficient contacts with Missouri to create specific jurisdiction. The Court addresses the arguments as follows.

"A federal court may exercise jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citation omitted). The Missouri long-arm statute permits a court to assert personal jurisdiction over a person or firm for a cause of action arising from the following acts:

> (1) the transaction of any business within this state;
>
> (2) the making of any contract within this state;
>
> (3) the commission of a tortious act within this state;
>
> (4) the ownership, use, or possession of any real estate situated in this state;
>
> (5) the contracting to insure any person, property, or risk located within this state at the time of contracting;
>
> (6) engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Mo. Rev. Stat. § 506.500.1. The Missouri Supreme Court has held a court must analyze whether a defendant's conduct is covered by the Missouri long-arm statute and if it comports with due process in two separate inquiries. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir.

4

2012) (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010)). However, because the Missouri long-arm statute authorizes personal jurisdiction to the extent permissible under the Due Process Clause, a finding that a plaintiff has failed to establish personal jurisdiction comports with the Due Process Clause is dispositive in Missouri cases and eliminates the need for a long-arm inquiry. *Gray v. Hudson*, No. 14CV1183 HEA, 2015 WL 4488143 at *9 (E.D. Mo. Jul. 23, 2015) (citing *Eagle Tech., Inc. v. Expander Ams., Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015)). The Court first analyzes whether personal jurisdiction in this case comports with the Due Process Clause.

Under the Due Process Clause, a court may find general or specific personal jurisdiction over a defendant. *Fastpath, Inc. v. Arbela Tech., Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1780 (2017). For an individual defendant, the forum for general jurisdiction is the individual's domicile. *J.Y.C.C. v. Doe Run Res., Corp.*, 370 F. Supp. 3d 1047, 1055 (E.D. Mo. 2019) (citing *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780). Here, no defendant is domiciled in Missouri. As the Complaint states, Defendants are residents of South Carolina, Nevada, Arizona, California, and Wisconsin. Kick presents no additional facts to suggest any defendant is domiciled in Missouri. The Court now turns to whether it has specific jurisdiction over these Defendants.

If a court does not have power over a defendant for all claims, it may have power over it with regard to specific claims, because of the relationship between the defendant, the forum, and the litigation. *Daimler AG v. Bauman*, 571 U.S. 117, 133 (2014). To establish specific jurisdiction "[t]he suit must arise out of or relate to the defendant's contacts with the forum."

*Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (internal quotations omitted). The Eighth Circuit has identified five factors to analyze when determining if a defendant has a substantial connection with a forum state: (1) the nature and quality of the contacts with the forum state; (2) quantity of the contacts, (3) relation of the cause of action to those contacts, (4) interest of the forum state in providing a forum for its residents, and (5) convenience of the parties. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011). The factors are interrelated and the Eighth Circuit often considers them together. "Although the first three factors are primary factors, and the remaining two are secondary factors, we look at all of the factors and the totality of the circumstances in deciding whether personal jurisdiction exists." *Id*.

Kick has alleged few facts to establish any defendant has a substantial connection with Missouri. The primary allegation establishing any connection with Missouri states:

> This court has personal jurisdiction over Defendants because they have conducted business in Missouri to include solicitation of current UMMAF Board of Directors members, coaches, and athletes. Venue is proper in this court due specifically to the recruiting via misrepresentations of UMMAF personnel in Missouri and the actions of Defendants in utilizing a deceptively similar logo, making misrepresentations to Missouri residents and pursuing business operations of Defendants believed to be at the direction of the remaining Defendants while on the board of Plaintiff, a Missouri Company.

Doc. 1, ¶ 13. This allegation includes no specifics as to the nature and quality of the contacts such as when and where any misrepresentations occurred, or to whom they were made. The remaining facts in the Complaint relating to Defendants' contacts do not refer to where these actions took place. For example, in paragraph 48, Kick states Defendants called promotors, misled third parties and athletes, and attempted to harm the reputation of Kick, but does not state this occurred in Missouri.

In *Walden v. Fiore*, the Supreme Court held "our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons

6

who reside there." 571 U.S. 277, 285 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. In the affidavits attached to their Motion to Dismiss, Defendants state they have not traveled to Missouri, engaged in business in Missouri, contacted any fighter or promotor in Missouri, arranged fights in Missouri, or otherwise engaged or solicited event vendors in Missouri. Docs. 10-4, 10-5, 10-6, 10-7, 10-8, 10-9, 10-10, 10-11. Kick fails to rebut Defendants' affidavits and does not allege what contacts, if any, occurred in Missouri, with Missouri, or concerning Missouri.

In the most recent Eighth Circuit case addressing personal jurisdiction, the Court found personal jurisdiction present where the defendant had in-person meetings in the forum state, Arkansas, sent numerous calls, emails, and text messages to plaintiffs in Arkansas, shipped samples of the product to Arkansas, developed a sales pitch for Arkansas, and made clear his desire to establish a relationship because of the plaintiffs' connections to Arkansas. *Whaley v. Esebag*, 946 F.3d 447, 452-53 (8th Cir. 2020). The Court stated "these facts suggest that [defendant's] contacts with Arkansas were not 'random, fortuitous, or attenuated,' but rather were central to an alleged scheme to 'purposely avail[] [himself] of the privilege of conducting activities' in Arkansas." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Kick fails to establish any of these same, or similar, types of contacts here.

For these reasons, the Court finds it does not have personal jurisdiction over Defendants in this matter and it dismisses the Complaint, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim [9] is **GRANTED**. The Court dismisses Plaintiff's Complaint, without prejudice.

So Ordered this 24th day of January, 2020.

*SLR.CR*

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**